Alla Tenina, Esq. - SBN 224767
Tenina Law, Inc.
15250 Ventura Blvd, Suite 601
Sherman Oaks, CA 91403
Phone: (213)596-0265
Fax:    (310)774-3674
E-Mail: alla@teninalaw.com
Counsel for
Parking Management Services of America, Inc.,
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PARKING MANAGEMENT SERVICES OF AMERICA, INC., | Case No.: 2:19-bk-21103-WB |
| | **NOTICE OF MOTION AND MOTION TO CONFIRM DEBTOR AND DEBTOR'S IN POSSESSION SMALL BUSINESS CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ERIC VARGAS; EXHIBITS IN SUPPORT THEREOF** |
| Debtor and Debtor in Possession. | |
| | Hearing Date: |
| | Date: August 5, 2021 |
| | Time: 10:00 a.m. |
| | Courtroom: 1375 |
| | 255 E Temple Street |
| | Los Angeles, CA 90012 |
| | **HONORABLE JULIA W. BRAND** |

TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN

INTEREST:

PLEASE TAKE NOTICE that on August 5, 2021, at 10:00 a.m.., or soon thereafter as the

matter may be heard, in Courtroom 1375 of the above-entitled Court located at 255 East Temple

Street, Los Angeles, CA 90012, PARKING MANAGEMENT SERVICES OF AMERICA, INC., Debtor and Debtor in Possession ("Debtor"), by and through its undersigned counsel, hereby moves the Court, pursuant to 11 U.S.C. §1129(a) and (b), for an order confirming its Chapter 11 Plan of Reorganization in Small Business Case ("Plan"). This request is made on the grounds that the Plan meets the confirmation requirements of Section §1129(a) or (b).

The Motion is based upon the grounds set forth in the attached Memorandum of Points and Authorities; Declaration of Eric Vargas and Exhibits and any other grounds as may be presented in oral arguments before this Court or upon reply to any opposition filed in response to this Motion.

TENINA LAW, INC.

Dated: July 26, 2021

_____
Alla Tenina, Esq.
Counsel for Parking Management Services of America, Inc.,
Debtor and Debtor in Possession

# TABLE OF CONTENTS

TABLE OF CONTENTS......................................................................................................3-4

MEMORANDUM OF POINTS AND AUTHORITIES................................................................5

I.      INTRODUCTION AND PROCEDURAL HISTORY................................................5

II.     REQUEST FOR JUDICIAL NOTICE......................................................................7

III.    PLAN TREATMENT AND VOTING RESULTS......................................................8

        a.      Unclassified Separate Administrative Expenses' Claims............................9

        b.      Unclassified Separate Tax Priority Claims................................................9

        c.      Classified Claims and Interests................................................................9

                i.      Classes 2A; 2B; 2C; 2D; 2E; 2F; 2G and 2 H of secured claims...................9

                ii.     Class 4A of unsecured creditors and Class 4B -
                        "a convenience class" of small unsecured claims
                        in aggregate amount of under $3,000.00 and less
                        than $1,000.00 each...................................................................10

                iii.    Class 5A of Interest Holders.........................................................11

                iv.     Debtor's executory Contracts
                        or Unexpired Leases...................................................................11

        d.      Voting Results.........................................................................................11

IV.     OTHER PERTINENT PROVISIONS OF THE PLAN............................................12

V.      THE PLAN MEETS THE REQUIREMENTS OF 11 U.S.C. §1129....................13

        a.      Plan Complies with Applicable Provisions of this Title
                Under 11 U.S.C. §1129(a)(1)....................................................................13

                i.      Compliance with the Requirements of 11 U.S.C. §1122............................14

                ii.     Compliance with Mandatory Requirements of 11 U.S.C. §1123.................14

                iii.    Compliance with Discretionary Provisions of 11 U.S.C. §1123(b)............16

        b.      Debtor as Plan Proponent Complies with the Applicable
                Provisions of this Title Under 11 U.S.C. §1129(a)(2)..............................17

        c.      The Plan is Proposed in Good Faith Under 11 U.S.C. §1129(a)(3)........................18

        d.      Payment of Professional Fees Under 11 U.S.C. §1129(a)(4)..................................19

        e.      Disclosure of Officers, Directors, and Insiders Under
                11 U.S.C. §1129(a)(5)...............................................................................19

        f.      Government Approval Disclosure Required by 11 U.S.C. §1129(a)(6)..................19

g.    The Best Interests of the Creditors Test is Met Under
11 U.S.C. §1129(a)(7)....................................................................................20

h.    Acceptance of the Plan Under §1129(a)(8)....................................................20

i.    Administrative and Priority Claims Under §1129(a)(9)..............................21

j.    Acceptance of Impaired Class Under 11 U.S.C. §1129(a)(10)..............................21

k.    Confirmation of the Plan is not Likely to Be Followed
by Liquidation Under 11 U.S.C. §1129(a)(11)..........................................22

l.    Payment of Fees Under 11 U.S.C. §1129(a)(12)....................................22

m.    Continuance of Retiree Benefits Under 11 U.S.C. §1129(a)(13)............................23

n.    Payment of Domestic Support Obligations Under
11 U.S.C. §1129(a)(14)...................................................................................23

o.    Individual Debtor's Allocation of All of the Disposable
Income Under 11 U.S.C. §1129(a)(15)..........................................................23

p.    Transfer of Properties by Corporation That is Not
a Moneyed Business Under 11 U.S.C. §1129(a)(16)...............................................24

VI.    THE COURT SHOULD CONFIRM THIS PLAN BECAUSE IT MEETS THE
CONFIRMATION REQUIREMENTS OF U.S.C.
§1129(b).............................................................................................................23

VII.    CONCLUSION.................................................................................................26

DECLARATION OF ERIC VARGAS..................................................................................27-30

EXHIBIT "1".................................................................................................................31

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND PROCEDURAL HISTORY

1.    This case was commenced by the filing of a voluntary Petition pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code on September 19, 2019.

2.    The Debtor is "a small business" debtor as defined in Section 101(51D) as the aggregate non-contingent liquidated secured and unsecured debts as of the petition date falls with "a small business" limit of less than $2,566,050.00.

3.    DEBTOR in this case is a California Corporation. Debtor is the Debtor in Possession in this case.  The Debtor has been in business since September 28, 2009. Having made "S Corp" election, it is treated as  "S Corp" entity under the Internal Revenue Code.   As a result of this election, Debtor files 1120S (Federal) and 100S (California State) returns. The Debtor's principal place of business is at 655 N. CENTRAL AVE SUITE 1700, Glendale, CA 91203.  The Debtor does not own any real property.  It leases/rents premises at said address from which it conducts its business.

DEBTOR provides parking attendants and personnel to various third parties' parking locations to provide parking services.

4.    Debtor's personal property assets as of the Effective Date have a total estimated value of $446,770.08 (See Exhibit "G" to Debtor's Revised Third Amended Disclosure Statement, served on all creditors on June 18, 2021 (Part of Docket 229)).

5.    Debtor has eight (8) secured creditors with estimated claims' amounts as of
        Effective Date of the Plan of August 1, 2021, are as follows:
        (1) Claim of On Deck Capital, Inc in (Claim 1), a fully secured claim, in the amount
        of $21,000.00 (Class 2A);
        (2) Claim of On Deck Capital, Inc in (Claim 2), a fully secured claim, in the amount
        of $68,013.00 (Class 2B);
        (3) Claim of Swift Financial, LLC, a fully secured claim, in the amount of
        $28,310.00 (Class 2C);
        (4) Claim of Ford Motor Credit Company, LLC (on 2018 Landrover Range Rover),
        a fully secured claim, in the amount of $69,223.74 (Class 2D);

1    (5) Claim of Ford Motor Credit Company, LLC (2016 Aston Martin), a fully

2    secured claim, in the amount of $57,349.00 (Class 2E);

3    (6) Claim of Wells Fargo Bank, NA (2018 Ford F-150), a fully secured claim

4    because the value of the collateral exceeds the balance on the loan as of the

5    Effective Date, in the amount of $50,592.00 (Class 2F) (as of the Petition Date, the

6    value of the collateral was lower than the claim balance. This Claim was originally

7    bifurcated into secured and unsecured portion. As of the Effective Date, however,

8    the value on this property has exceeded the outstanding balance, which resulted in

9    this claim being treated as fully secured) (See Exhibit "1");

10    (7) Claim of Funding Metrics, LLC, a fully secured claim, in the amount of

$6,703.00 (Class 2G); and

11    (8) Claim of Kabbage, Inc., a fully secured claim, in the amount of $16,239.60

12    (Class 2H).

13    6.    Debtor's unsecured creditors hold claims in an estimated aggregate amount of

14  $190,303.00. This number also includes unsecured portion of secured claim of Wells Fargo Bank,

15  if any (which do not appear to exist as of the Effective Date) and unsecured portion pre-petition

16  priority tax claims (See Exhibit "1").

17    7.    Following several hearings on adequacy of Disclosure Statement and amendments

18  thereto, on June 17, 2021, the Court entered the Order (Docket 228) approving Debtor's Revised

19  Third Amended Disclosure Statement to Chapter 11 Plan of Reorganization in Small Business

20  Case (Docket 224), filed concurrently with Revised Third Amended Chapter 11 Plan of

21  Reorganization in Small Business Case (Docket 225), and directing Debtor to serve such revised

22  Disclosure Statement and Plan, together with a notice of the dates and deadlines set forth therein,

23  and voting ballots conforming substantially to Official Form 14 on all creditors, equity security

24  holders, the United States Trustee and other parties in interest not later than June 18, 2021.  The

25  Court Order also set the hearing date for plan confirmation for August 5, 2021, and the deadline to

26  file and serve objection to confirmation of Debtor's Chapter 11 Plan by June 19, 2021 (See Docket

228).

27

28    8.    Pursuant to the Court Order Approving Disclosure Statement, on June 18, 2021, the

(1) Notice of Chapter 11 Plan Confirmation Hearing and Dates and Deadlines Related to Plan Confirmation with Solicitation Papers; (2) Revised Third Amended Disclosure Statement to Chapter 11 Plan of Reorganization in Small Business Case; (3) Revised Third Amended Plan of Reorganization in Small Business, and (4) voting ballots (collectively referred to as "Solicitation Package") were filed with the Court and served on the United States Trustee, all creditors and parties in interest (See Docket 229).

9.    Subsequent to the service of the Plan and any and all incorporated documents therein on the parties in interest, on July 9, 2021, Ford Motor Credit Company LLC filed a joint stipulation with the Debtor regarding certain provisions on treatment of Ford Motor Credit Company LLC's secured claim to be incorporated into the Plan (Docket 234). On July 12, 2021, the Court entered the Order approving said Stipulation (Docket 236).

10.    There were no objections or oppositions filed with respect to confirmation of Debtor's Plan of Reorganization.

11.    Aside from the above referenced Plan Confirmation procedures, on June 29, 2021, Debtor filed and served Motion by Debtor and Debtor in Possession for an Order Extending the Deadline to Confirm Small Business Plan of Reorganization.  The hearing on this Motion is set for hearing for July 29, 2021, within the time limits for extension of time in small business cases.

12.    The confirmation hearing is scheduled for August 5, 2021.

## II.    <u>REQUEST FOR JUDICIAL NOTICE</u>

Pursuant to Rule 201 of Federal Rules of Evidence, Debtor respectfully requests this Court to take Judicial Notice of the following documents from the docket:

(1) Court Approved Revised Third Amended Disclosure Statement to Chapter 11 Plan of Reorganization in Small Business Case with any and all documents on the docket incorporated therein (as parts of Docket 224);

(2) The copies of Revised Third Amended Plan of Reorganization in Small Business (Docket 225) ("Plan") as served as parts of Solicitation package on the United States Trustee, all creditors and parties in interest are attached hereto respectively as Exhibit "1;"

(3)  Ford Motor Credit Company LLC's joint stipulation with the Debtor regarding certain provisions on treatment of Ford Motor Credit Company LLC's secured claim to be incorporated into the Plan (Docket 234) and the Order approving said Stipulation (Docket 236);

(4) Motion by Debtor and Debtor In Possession To Approve Stipulation by and Between Swift Financial LLC, Subsidiary of Paypal, Inc. as Servicer for Web Bank, and Debtor For Final Order on Use of Cash Collateral; Maintenance of Adequate Protection Payments; and Resolution on Claim Treatment Issues (F.B.Bankr.P Sec 9019) (Docket 198) and Order Approving said Motion (Docket 213);

(5) Motion by Debtor and Debtor In Possession to Approve Stipulation by and Between On Deck Capital, Inc and Debtor For Final Order on Use of Cash Collateral; Maintenance of Adequate Protection Payments; and Resolution on Claim Treatment Issues (F.R. Bank. Section 9019) (Docket 200) and Order Approving said Motion (Docket 214).

(6) Motion by Debtor and Debtor In Possession to Approve Stipulation by and Between On Deck Capital, Inc (Claim 1) and Debtor For Final Order on Use of Cash Collateral; Maintenance of Adequate Protection Payments; and Resolution on Claim Treatment Issues (F.R. Bank. Section 9019) (Docket 194) and Order Approving said Motion (Docket 215).

(7) Motion by Debtor and Debtor In Possession to Approve Stipulation by and Between On Deck Capital, Inc (Claim 2) and Debtor For Final Order on Use of Cash Collateral; Maintenance of Adequate Protection Payments; and Resolution on Claim Treatment Issues (F.R. Bank. Section 9019) (Docket 196) and Order Approving said Motion (Docket 216).

(8) Notice of Payment Deferment by Wells Fargo Bank, NA filed with this Court on October 20, 2020, (Docket 171).

## III.    <u>PLAN TREATMENT AND VOTING RESULTS</u>

As shown in the attached Exhibit "1," Debtor's Plan sets forth the following classes and treatment of each class:

//

//

a.    **Unclassified Separate Administrative Expenses' Claims.**

The "Administrative Expenses" claims are separately listed and not put in classes under the Plan and treated separately.  They include attorney's fees (subject to Court approval), Clerk's Office fees, IRS Post-Petition administrative claim and United States Trustee's Quarterly Fees (See Exhibit "1" for treatment details).

To the extend the fees and costs are approved, the United States Trustee's Quarterly Fees and attorney's fees will be paid in full on the Effective Date of the Plan, subject to the Court approves such fees and costs. The IRS Post-Petition claim will be paid in 38 monthly installments as detailed in the Plan, per agreement with the IRS (See Exhibit "1" for treatment details).

b.    **Unclassified Separate Tax Priority Claims.**

Separate Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires that each holder of a 507(a)(8) claim receive the present value of such claim in deferred cash payments over a period not exceeding five years from the date the bankruptcy Petition is filed.

With respect to the unsecured priority claims under 11 U.S.C. §507(a)(8), the plan provides for the repayment of pre-petition IRS; Franchise Tax Board and LA City Tax claims in full in monthly installments with 4% interest that will be completed within 60 months from the petition date (See Exhibit "1").

In addition, Debtor does not have any claims against Debtor or the Estate that fall into the categories of either priority wages or commissions; employee benefit plan contributions; consumer deposit claims; and/or domestic support obligations.

c.    **Classified Claims and Interests.**

i.    **Classes 2A; 2B; 2C; 2D; 2E; 2F; 2G and 2H of secured claims.**

Secured Claims are claims secured by liens on Estate property. Each secured claim is placed into a separate class. There are eight (8) creditors in eight (8) separate classes of claims who assert security interest in Debtor's property: (1) Claim of On Deck Capital, Inc in (Claim 1), a fully secured claim (Class 2A); (2) Claim of On Deck Capital, Inc in (Claim 2), a fully secured claim

(Class 2B); (3) Claim of Swift Financial, LLC, a fully secured claim (Class 2C); (4) Claim of Ford Motor Credit Company, LLC (on 2018 Landrover Range Rover), a fully secured claim (Class 2D); (5) Claim of Ford Motor Credit Company, LLC (2016 Aston Martin), a fully secured claim (Class 2E); (6) Claim of Wells Fargo Bank, NA (2018 Ford F-150), a fully secured claim (as of the Petition Date, the value of the collateral was lower than the claim balance. This Claim was originally bifurcated into secured and unsecured portion. As of the Effective Date, however, the value on this property has exceeded the outstanding balance, which resulted in this claim being treated as fully secured) (Class 2F); (7) Claim of Funding Metrics, LLC, a fully secured claim (Class 2G); and (8) Claim of Kabbage, Inc., a fully secured claim (Class 2H).  (See Exhibit "1" for plan treatment of these classes of claims). These claims are secured to the extent of the value of the collateral securing these Claims.

All of these classes consist of impaired claims and are entitled to vote. These claims are impaired because their contractual rights have been modified under the Plan.

> **ii.    Class 4A of unsecured creditors and Class 4B - "a convenience class" of small unsecured claims in aggregate amount of under $1,600.00 and less than $400.00 each.**

Class 4A is made out of substantially similar general unsecured claims not entitled to priority under Section 507(a).  The total amount of unsecured claims in this class equals to the sum of the claims that have no collateral securing underlying debt (See Exhibit "1:"- Plan: Exhibit "D"),  unsecured portion, if any, of Wells Fargo Bank, NA's claim from Class 2F (it appears that there is NO unsecured portion of this claim as of the Effective Date); and unsecured portions of pre-petition priority tax claims (See Exhibit "1:"- Plan: Exhibit "D"). The total of all unsecured claims in Class 4A is valued at $190,303.00 (See Exhibit "1").

Class 4A is impaired because the Plan modifies treatment of included claims. Under the Plan, creditors in Class 4A will receive 82.84% distribution on their respective claims over 60 months without interest (See Exhibit "1").  Class 4A is entitled to vote since it's an impaired class.

The Class 4B is a "Convenience Class" of small unsecured claims of $400.00 or less each, in the aggregate amount of $1,600.00 or less. The claims in this Class are not impaired and not

entitled to vote. The claims in this Class will be paid in full on the Effective Date of the Plan (See Exhibit "1").

### iii.    Class 5A of Interest Holders.

This Debtor is a California Corporation and has one (1) Shareholder - interest holder:

(1) Eric Vargas, 100% Shareholder of Debtor

This individual will retain his respective interest in the Debtor, assuming the Plan gets accepted by all impaired classes who vote and confirmed under 11 U.S.C. §1129(a).  Shall the treatment of interest-holder(s) will be governed by the "cram down"provisions of Section 1129(b), NONE of the interest holder(s) will receive or retain any value in DEBTOR and the outstanding stock of DEBTOR will be cancelled upon completion of all scheduled payments under the PLAN or any amendments thereto, unless the creditors of Class 4A will receive 100% distribution on their allowed claims in property of a value, measured as of the Effective Date of the Plan. This individual will not receive or retain any distribution or value on his pre-petition claims since he does not have any pre-petition claim.  Class 5A is subordinate to Class 4A- general unsecured claims who will get paid up to 82.84% under the plan.  This individual will receive post-petition compensation for services pursuant to previously timely filed and not objected to Notices of Insiders Compensation (See Exhibit "1"). He does not have any pre- petition claims and is not impaired. He is not entitled to vote.

### iv.    Debtor has one executory Contracts or Six Unexpired Leases.

 Debtor has one (1) unexpired lease to the commercial real property it operates on and six (6) executory contracts with customers, all of which have been timely assumed.  These executory contracts and lease are not parts of any class.  Any executory contacts or unexpired leases that were not listed in Plan were deemed rejected (See Exhibit "1").  There are no other claims or interests that have to be grouped into the classes.

### d.    <u>Voting Results.</u>

The following impaired classes that were entitled to vote, have timely voted on the Plan: Class 2D, secured claim of Ford Motor Credit Company, LLC (on 2018 Landrover Range Rover);

Class 2E, secured claim of Ford Motor Credit Company, LLC (on 2016 Aston Martin) and Class 4A, general unsecured claims' class, have voted to ACCEPT the Plan.  All of the classes that voted on the Plan, have voted to ACCEPT the Plan. No other votes were received. The summary of ballots is filed concurrently herewith.

In addition, prior to voting, the Court entered the Orders Approving Debtor's Motions to Approve Stipulations with each of the creditors in Classes 2A; 2B; 2C; and 2G for Final Order on Use of Cash Collateral; Maintenance of Adequate Protection Payments and Resolution on Claim Treatment Issues (F.R.Bankr.P. §9019) (See Dockets 194; 196; 198; 200; 213; 214; 215; 216).

## IV.    OTHER PERTINENT PROVISIONS OF THE PLAN

The Plan further discloses the identity and compensation of all officers, directors, voting trustees of the Debtor, affiliates, or successors to the Debtor under the Plan and requires the appointment or continuance of such individual(s) to be consistent with the interest of creditors, equity security holders, and public policy (See Exhibit "1").  Specifically, Eric Vargas, 100% Shareholder of Debtor, Chief Executive Officer, will continue serving as DEBTOR's Chief Executive Officer and duly authorized representative until the Plan has been fully performed.  Eric Vargas is getting compensated in accordance with timely filed and not objected to Notices of Insiders Compensation with the United States Trustee's Office.  Pursuant to said Notices, Eric Vargas, is authorized to receive a compensation of $4,850.00 ($4,200.00 in gross compensation and $650.00 in insurance coverage), twice a month – before withholdings.  Eric Vargas will also serve as the distributing agent under the Plan without compensation.

The instant Plan of Reorganization presents the most viable resolution because it provides for 100% return with interest on secured claims (Classes 2A-2H) and 82.84% return on general unsecured claims (Class 4A) over sixty (60) months without interest.  In contrast, the general unsecured creditors would receive 4.05% in liquidation as evidenced in the Disclosure Statement, accompanying the Plan (See Disclosure Statement: Docket 244).  Thus, under the terms of the Plan, any recovery received by the creditors would exceed recovery in a Chapter 7 liquidation. This Plan will yield the maximum recovery for Debtor's creditors.

Debtor has proposed a Plan that will be financed by and from which distributions will be

1  made from revenues that Debtor generates by providing parking attendants' services to the local

2  business community.

3  **V.    THE PLAN MEETS THE REQUIREMENTS OF 11 U.S.C. §1129**

4       The Court will confirm the Plan withing the reasonable time because the Plan satisfies the

5  confirmation requirements under 11 U.S.C. §1129.

6

7       The standard for confirmation of a Chapter 11 Plan are set forth in 11 U.S.C. §1129(a)

8  which identifies sixteen (16) requirements for confirmation while 11 U.S.C. §1129(b) establishes

9  the standard for cram down on a non-consenting impaired class.  Section §1129(a)(8), however,

10 does not need to be satisfied if the requirements of Section §1129(b) are met.

11       The Code provides that the Court shall confirm a Plan provided the requirements of

12 §1129(a) are met and as noted at 5 <u>Collier on Bankruptcy</u>, ¶1129.03[15 th Ed. Revised], the Court

13 need not consider §1129(b) as it only "...applies if a class whose claims or interest are impaired

14 does not accept the Plan as required by §1129(a)(8)..."  In the case of <u>Kane v. Johns-Manville

15 Corp. [In re Johns-Manville Corp.]</u> 843 F. 2d 636, 650 (2nd Cir. 1986), the Court held that a Plan

16 need only satisfy the requirements of §1129(b) with respect to classes that voted against the Plan.

17       In this case, Debtor believes that the Plan compiles with all the requirements of §1129(a),

18 except possibly for the requirement in §1129(a)(8), whereby not all impaired classes have

19 submitted the votes (See Discussion Below).  From those classes that voted on the Plan, all have

20 voted to ACCEPT the Plan. Debtor asserts that it is entitled to confirm its Plan under either

21 §1129(a) or (b).

22       **a.    Plan Complies with Applicable Provisions of this Title Under 11 U.S.C.**

23            **§1129(a)(1)**.

24       Section 1129(a)(1) requires that "The plan complies with the applicable provisions of this

25 title." 11 U.S.C. §1129(a)(1). This means that the Plan should comply with provisions of 11

26 U.S.C. §1122 (governing classification of claims and interests) and 11 U.S.C. §1123 (establishing

27 the mandatory requirements of Plan contents as well as those that are discretionary).

28

**i.      Compliance with the Requirements of 11 U.S.C. §1122.**

Section 1122(a) of the Bankruptcy Code requires that the classes of claims or interests must be made in a manner such that all claims or interests in a class are substantially similar to all other claims or interests in the same class.  In Debtor's Plan, there are eight (8) secured creditors, each of which is placed in separate class (1 claim per class): Classes 2A; 2B; 2C; 2D; 2E; 2F; 2G; and 2H. All of secured claims/classes are impaired (See Exhibit "1").

All unsecured claims are substantially similar to one another and, all have been classified as Class 4A (See Exhibit "1").  They consist of unsecured claims not secured by collateral; unsecured portion(s) of bifurcated secured claims (if any) and non-priority portions of tax priority claims.

Debtor's only has one (1) interest-holder who is Debtor's 100% shareholder.  This interest rests by itself in Class 5A (See Exhibit "1").

Section 1122(b) allows to put into a separate class a group of small unsecured claims deemed to be so small that the repayment of these claims will promote administrative convenience. The instant Plan allocates up to $1,600.00 in aggregate and less than $400.00 per claim included in this class to pay for all such small unsecured claims. There are currently no claims in this class.

Thus, the Plan complies with 11 U.S.C. §1122.

**ii.      Compliance with Mandatory Requirements of 11 U.S.C. §1123.**

Section 1123(a)(1) of Title 11 requires that the Plan "... designate, subject to section 1122 of this title, classes of claims, other than claims of a kind specified in section 507(a)(2), 507(a)(3), or 507(a)(8) of this title, and classes of interests..." 11 U.S.C. §1123(a)(1).

As demonstrated in the preceding section, the claims are broken into the classes: Class 2A-H: secured claims; Class 4A- a group of all general unsecured claims and unsecured portion of secured claim; Class 4B- a small "convenience class;"and Class 5A- a group of Debtor's interest-holder (See Exhibit "1").

The "Administrative Expenses" claims, under 11 U.S.C. 507(a)(2), are separately listed as the attorney's fees (subject to Court approval), Clerk's Fees and United States Trustee's Quarterly Fees.  Debtor has one (1) post-petition IRS claim under sections 507(a)(2) that is separately listed. Debtor also has three (3) pre-petition priority claims under section 507(a)(8), all of which are listed

separately: the IRS; Franchise Tax Board and Los Angeles City Tax's claims .("unsecured priority taxes") (See Exhibit "1"). There are no claims under section 507(a)(8).

Section 1123(a)(2) requires to "specify any class of claims or interests that is not impaired under the Plan.  As shown in the Plan, Class 4B- a small "convenience class" of unsecured creditors in aggregate amount of up to $1,600.00, with less than $400.00 each, is not impaired.  Class 5A-interest-holder's class is shown as not impaired.  Interest-holder does not have any pre-petition claims (See Exhibit "1").

Section 1123(a)(3) requires to "...specify the treatment of any class of claims or interests that is impaired under the Plan..." 11 U.S.C. §1123(a)(3).  As shown in the Plan, Classes 2A-2H of secured claims are impaired. Class 4A - class of general unsecured creditors, unsecured portion of secured claim, if any, and non-priority portion of priority tax claims is impaired.

The Plan provides for the treatment of these classes (See Exhibit "1").

Section 1123(a)(4) requires to "...provide the same treatment for each claim or interest of a particular class..." 11 U.S.C. §1123(a)(4).  The Plan satisfies this requirement. Classes 2A-H meet this requirement because they consist of a single secured claim per such class.  The Plan further provides for the identical treatment of all creditors within Class 4A of all unsecured creditors plus unsecured portion of secured claims, if any, and non-priority portions of tax priority claims. Class 4A will be repaid 82.84% on its claims over the sixty (60) month term of the Plan.

Section 1123(a)(5) requires to "provide adequate means for the Plan's implementation, such as (A) retention by the Debtor of all or any part of the property of the estate..." 11 U.S.C. §1123(a)(5). Debtor's Plan provides for the retention of all property of the estate that provides the source of income that will be used for distributions made under the Plan.

Section 1123(a)(6) requires that certain provisions be included in the charter of a corporate Debtor. As stated in Collier on Bankruptcy, Section 1123(a)(6) is designed to ensure that "...creditors who are forced to take stock in the new company, or whose rights as creditors are modified or altered so that they assume some risk of the success of the reorganized corporation, are entitled to an allocation of voting power and a voice in the selection of management that will protect their interests."  7 Collier on Bankruptcy, Paragraph 1123.01[6] [15th Ed. Revised 2003].

In this case, there is Class of Interests- Class 5A, consisting of one (1) interest-holder of Debtor.

Debtor is a small California Corporation.  It will not issue any non-voting stock as contemplated by this Section.

Section 1123(a)(7) requires that a Plan "...contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director or trustee." The Court would find compliance with section 1123(a)(7) where "...Selection of the officers of the reorganized Debtors will be in accordance with applicable corporate law." In re Eagle Bus Mfg, Inc., 134 B.R. 584, 587 (Bankr. S.D. Tex. 1991).

In the instant case, no change in Debtor corporate structure is anticipated.  Eric Vargas, 100% shareholder, will continue serving as Debtor's Chief Executive Officer and duly authorized representative until the Plan has been fully performed.

Section 1123(a)(8) does not apply in this case since it only applies to the individual Debtors.  Debtor in the instant case is a limited liability company.

### iii.    Compliance with Discretionary Provisions of 11 U.S.C. §1123(b).

Section 1123(b) allows for certain permissive Plan provisions.  Debtor's Plan includes provisions that are not mandatory, but permissive and are allowed under 11 U.S.C. §1123(b). Section 1123(b)(1) allows "impair or leave unimpaired any class of claims, secured or  unsecured, or of interests..."  11 U.S.C. §1123(b)(1).

As stated above, Classes 2A- 2H, all secured claims, are impaired and Class 4A (class of general unsecured creditors and unsecured portion of secured claims, if any, and non-priority portion of priority tax claims) is impaired. These classes are designated as impaired classes.  Class 5A- class of interest-holders is shown as not impaired class.  The interest-Holder does not have any pre-petition claims.

Section 1123(b)(2) allows, "subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease not previously rejected under this section.  Debtor in this case has one (1) non-residential commercial lease and six (6) executory contracts with customers- parking locations. All of these executory contracts and unexpired leases

were timely assumed.  The Plan further provides under "Rejections" section that "[a]ny executory

contacts or unexpired leases that are not listed in this Section will be deemed rejected." (See

Exhibit "1").

Section 1123(b)(3) specifies that a plan may provide for settlement or adjustment of any

claim or interest belonging to the Debtor or to its estate, and for retention and enforcement by the

Debtor, by the trustee, or by a representative of the estate appointed for such purpose of any claim

or interest.

Debtor's Plan provides that "the reorganized Debtor shall be vested with all litigation

claims the Debtor or the Estate may hold against any person or entity, including any claims against

any entity and any avoidance and recover actions under Title 11.

Section 1123(b)(4) permits the Plan to provide for the sale of all or part of the property of

the estate.  The instant Plan does not propose any sale.

Section 1123(b)(5) allows to "...modify the rights of holders of secured claims...., or

holders of unsecured claims, or leave unaffected the rights of holders of any class of claims..."

As stated above, the Plan modifies treatment of eight (8) secured claims in Classes 2A- 2H (See

Exhibit "1").

The Class 4A, claims of all unsecured creditors, unsecured portion of secured claim, if any, and

unsecured portions of tax claims, is modified as well to the extent that this class will be paid

82.84% on its claims without interest over 60 month period (See Exhibit "1").

Thus, the requirements of 11 U.S.C. §1129, incorporating §1122 and §1123, are met.

**b.**    **Debtor as Plan Proponent Complies with the Applicable Provisions of**

**this Title Under 11 U.S.C. §1129(a)(2)**.

Section 1129(a)(2) requires that "The proponent of the plan complies with the applicable

provisions of this title."  11 U.S.C. §1129(a)(2).  As stated in 7 Collier on Bankruptcy at

¶1129.03[2] [15 th Ed. 2002] quoting H.R. Rep. No. 595, 9th Cong., 1st Sess. 412, the legislative

history of Section 1129[a][2] "... indicates that Congress was primarily concerned 'that the

proponent of the plan comply with the applicable provisions of title 11, such as section 1125

regarding disclosure."

In this case, Debtor complied with the requirements of 11 U.S.C. §1125 regarding disclosure (Disclosure Statement).  Section 1125 of Title 11 provides that acceptances or rejections of a plan may not be solicited after the commencement of a chapter 11 case unless, at the time of or before such solicitation, there is transmitted to the party solicited the plan or a summary of the plan and a written disclosure statement approved by the Court as containing adequate information. The solicitation process in this case has begun after the Disclosure Statement was approved as containing adequate information and served on all creditors, parties in interest and the United States Trustee (See Docket 228 and 229).  It should be noted that no party has objected or opposed to the court approved Disclosure Statement with the statutorily prescribed deadline.  Debtor anticipates that the plan will be confirmed as well.

### c.    The Plan is Proposed in Good Faith Under 11 U.S.C. §1129(a)(3).

This Plan is proposed in good faith because it provides for maximum return on the outstanding debts while preserving Debtor's going concern.

Courts generally require that the result achieved by the Plan be consistent with the objectives and purposes of the Bankruptcy Code. [See Platinum Capital, Inc. v. Sylmar Plaza, LP, 314 F. 3d 1070, 1074 (9th Cir. 2002).

As stated in the preceding section, the secured claims (Classes 2A-H), whether impaired or not, will receive 100% on their respective claims.  Class 4A (general unsecured claims, unsecured portions of secured claims, if any, and unsecured portions of priority tax claims)  will receive 82.84% on their claims, which is substantially more than 4.05% they would receive in liquidation. Debtor's single interest holder will not receive any distribution, except for approved compensation, unless Class 4A will receive 100% on their claims.  The administrative claims shall be also paid in full.  Debtor's shareholder will retain his interest in Debtor unchanged unless the plan confirmation goes to a "cram down" under 11 U.S.C. §1129(b).  There are no other interests in this case.  Debtor complied and continues complying with the duties delegated to the Debtor as Debtor in Possession. The sole purpose of this Plan is to resolve Debtor's obligations to its creditors in accordance with the provisions of the Bankruptcy Code. Based on the foregoing, the Plan is proposed in good faith (Also see Declarations attached to the Disclosure Statement: a part of Docket 224) .

### d.    Payment of Professional Fees Under 11 U.S.C. §1129(a)(4).

Section 1129(a)(4) provides that any payment made under the Plan for costs or services incurred in connection with the case has been or is subject to approval by the Court as reasonable. See 11 U.S.C. §1129(a)(4).   The Plan lists attorneys' claim as Administrative Claim.  The Applications for the profession for the estate will be timely submitted and ruled upon in accordance with 11 U.S.C. §330, 331 and LBR 2016-1.  This requirement is met.

### e.    Disclosure of Officers, Directors, and Insiders Under 11 U.S.C. §1129(a)(5).

Section 1129(a)(5) requires the Plan to disclose the identity and compensation, if any, of all officers, directors, voting trustees of the Debtor, affiliates, or successors to the Debtor under the Plan and requires the appointment or continuance of such individual(s) to be consistent with the interest of creditors, equity security holders, and public policy.

The Plan as well as the Disclosure Statement (Exhibit "1;" also See Disclosure Statement: Exhibit "F-1"), provide details on Debtor's single interest-holder (who is also the officer and director), the corresponding compensation, and his continuing functions after the confirmation.

Specifically, Eric Vargas, 100% shareholder of Debtor, Chief Executive Officer, will continue serving as Debtor's Chief Executive Officer and duly authorized representative until the Plan has been fully performed.  Eric Vargas is getting compensated in accordance with timely filed and not objected to Notices of Insiders Compensation with the United States Trustee's Office. Pursuant to said Notices, Eric Vargas, is authorized to receive a compensation of $4,850.00 ($4,200.00 in gross compensation and $650.00 in insurance coverage), twice a month – before withholdings.  The approved Notices of Insiders Compensation can be obtained from the Debtor's counsel at: Tenina Law, Inc, 15250 Ventura Blvd, # 601, Sherman Oaks, CA 91403 (See Exhibit "1"). This requirement is met.

### f.    Government Approval Disclosure Required by 11 U.S.C. §1129(a)(6).

//

//

1     Section 1129(a)(6) requires that any government regulatory commission with jurisdiction
2 over the rates of the Debtor have approved all rates proposed by the Plan.  This provision of the
3 Plan is not applicable to Debtor.

    **g.**       **The Best Interests of the Creditors Test is Met Under 11 U.S.C.**
                  **§1129(a)(7).**

    For the Debtor to satisfy section 1129(a)(7) of the Bankruptcy Code, the proposed Plan
must provide that with respect to each impaired class of claims or interests, each holder of a claim
or interest has accepted the Plan or will receive or retain property of a value, as of the Effective
Date, that is not less than the amount such holder would have received or retained in liquidation.

    Debtor's Plan provides that Classes 2A-H and Class 4A- general unsecured claims are
impaired.  Under the Plan, Classes 2A; 2B; 2C; 2D; 2E; 2F; 2G and 2H will receive 100% with
interest under the Plan.  The general unsecured claims (Class 4A) will be repaid 82.84% on their
claims without interest over the sixty (60) month' term of the Plan.

    In contrast, the general unsecured creditors in Class 4A would receive 4.05% on their claims
in liquidation as evidenced in the Disclosure Statement, accompanying the Plan (See Disclosure
Statement: Exhibit "G" (Part of Docket 224)).  Thus, under the terms of the Plan, any recovery
received by the creditors would exceed recovery in a Chapter 7 liquidation.

    **h.**       **Acceptance of the Plan Under §1129(a)(8).**

    To meet the requirements of Section 1129(a)(8), with respect to each class of claims or
interests, such class must be unimpaired or have accepted the Plan. See 11 U.S.C. §1129(a)(8).  All
entitled impaired classes who actually voted on the Plan, have voted to ACCEPT the Plan.  Those
were Classes 2D- secured claim; 2E- secured claim and Class 4A- general unsecured claims who
have accepted the Plan. (See Ballot Calculation filed concurrently herewith).  Class 4B- a small
"convenience class" is unimpaired and are not entitled to vote on the Plan. Class 5A of interest-
holders is not impaired.  The single interest-holder does not have any pre-petition claims. Even if
such claims did exist and it was impaired, his vote would not count.

    In addition, prior to voting, the Court entered the Orders Approving Debtor's Motions to

Approve Stipulations with each of the creditors in Classes 2A; 2B; 2C; and 2G for Final Order on Use of Cash Collateral; Maintenance of Adequate Protection Payments and Resolution on Claim Treatment Issues (F.R.Bankr.P. §9019) (See Dockets 194; 196; 198; 200; 213; 214; 215; 216). These classes did not submit the ballots.

Finally, the Class 2F and 2H did not submit the votes.

If this Court construes non-voting as not actual acceptance, then this Plan should be confirmed under §1129(b) (See Discussion in Section VI below).  As shown elsewhere in this Motion, all other provision of Section §1129(a) are met.

### i.  Administrative and Priority Claims Under §1129(a)(9).

Section 1129(a)(9) provides that, unless a claimant has agreed to alternate treatment, all administrative and priority claims shall be paid the full amount of its amount of its allowed claim in cash.  As stated above in Section "III.b.," with respect to administrative claims, there are claims for Debtor attorney's fees, subject to the Court approval; IRS post-petition administrative claim and the United States Trustee's quarterly fees. These claims will be paid in full or as agreed.

With respect to the unsecured priority claims under 11 U.S.C. §507(a)(8), the plan provides for the repayment of pre-petition IRS; Franchise Tax Board and LA City Tax claims in full in monthly installments with 4% interest that will be completed within 60 months from the petition date (See Exhibit "1").

Other than the above stated claims, Debtor believes that it does not or will not owe any priority administrative claims as described in 11 U.S.C. §507(a)(1), (a)(4), (a)(5), (a)(6), (a)(7), or (a)(8). Thus, this requirement is met.

### j.  Acceptance of Impaired Class Under 11 U.S.C. §1129(a)(10).

As a condition of confirmation, 11 U.S.C. §1129(a)(10) requires that, at least one impaired class, has accepted the Plan.  This threshold is determined without including acceptance of the Plan by an insider.  The requirements of acceptance are set forth in 11 U.S.C. §1126.  As discussed above, this requirement is met because the impaired Classes 2D; 2E and Class 4A  have voted in favor of the Plan.  This requirement is met.

**k.**     **Confirmation of the Plan is not Likely to Be Followed by Liquidation Under 11 U.S.C. §1129(a)(11).**

To meet the feasibility requirement, the Court must be satisfied that the Plan is not likely to be followed by liquidation or further financial reorganization of the Debtor unless the liquidation or reorganization is proposed by the Debtor.  See 11 U.S.C. §1129(a)(11).

The Courts have held that a Debtor only needs to show that a plan has a reasonable opportunity for success.  In one case, the Court stated that "The test is whether the things which are to be done after confirmation can be done as a practical matter..." In re Clarkson v. Cooke Sales and Services Co., 767 F. 2d 417, 420 (8th Cir. 1985).  Additionally, the Courts held that "...As noted in Collier on Bankruptcy, a guarantee of success is not required...The mere prospect of financial uncertainty cannot defeat confirmation on feasibility grounds since a guarantee of the future is not required."  In re Drexel Burnham Lamber Group, Inc. 138 B.R. (Bankr. S.D.N.Y. 1992).

Debtor's Plan and Disclosure Statement unambiguously demonstrate that the Plan is the Plan of reorganization over the sixty (60) month period.  The financial statements and projections, attached to the Disclosure Statement and incorporated into the Disclosure Statement, establish growing increasing business profitability (See Disclosure Statement: Exhibit "C" (Part of Docket 224)).  From these factors the Court should conclude that there is a reasonable prospect for success and the Plan is not likely to be followed by liquidation.  From these factors the Court should conclude that there is a reasonable prospect for success and the Plan is not likely to be followed by liquidation.

**l.**     **Payment of Fees Under 11 U.S.C. §1129(a)(12).**

Section 1129(a)(12) requires that all fees payable under 28 U.S.C. §1930 "as determined at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan."  11 U.S.C. §1129(a)(12).  The instant Plan (see Exhibit "1"), provides for the payment of all fees and quarterly fees under 28 U.S.C. §1930(a)(6).  Thus, Debtor's Plan satisfies this provision.

**m.**     **Continuance of Retiree Benefits Under 11 U.S.C. §1129(a)(13).**

Debtor is not obligated to pay any retiree benefits as that term is defined in 11 U.S.C. §1114.  This section does not apply to Debtor.

**n.**     **Payment of Domestic Support Obligations Under  11 U.S.C. §1129(a)(14).**

This section does not apply to this corporate Debtor as this section applies only to individual Debtors.

**o.**     **Individual Debtor's Allocation of All of the Disposable Income Under 11 U.S.C. §1129(a)(15).**

This section does not apply to this corporate Debtor as this section applies only to individual Debtors.

**p.**     **Transfer of Properties by Corporation That is Not a Moneyed Business Under 11 U.S.C. §1129(a)(16).**

The requirements of Section 1129(a)(16) are not applicable to this case because Debtor is for-profit moneyed Corporation that conducts its business in accordance with the laws of the State of California.

Based on the foregoing, the Plan will be confirmed shortly because it meets the confirmation requirements under 11 U.S.C. §1129.

**VI.     THE COURT SHOULD CONFIRM THIS PLAN BECAUSE IT MEETS THE CONFIRMATION REQUIREMENTS OF U.S.C. §1129(b)**

Even if this Court concludes that the Plan cannot be confirmed under Section 1129(a) (because it does not satisfy the requirement of Section 1129(a)(8)), the Plan meets all the requirements of Section 1129(b) "cram down" provisions and should be confirmed.  The Plan should be confirmed under Section 1129(b) because all of the requirements of 1129(a) have been met, except for 1129(a)(8); and the Plan is "fair and equitable" and does not unfairly discriminate

1    as against any class of non-accepting creditors.

2        The Code allows the Plan to be "crammed down" on non-accepting classes of claims or

3 interests if it meets all consensual requirements except the voting requirements of §1129(a)(8) and

4 if the Plan does not "discriminate unfairly" and is "fair and equitable" toward each impaired class

5 that has not voted to accept the Plan as referred to in 11 U.S.C. §1129(b) (See 11 U.S.C.

6 §1129(b)(1).

7        <u>First and foremost, every class of creditors who have submitted the vote on this Plan, voted

8 to accept the Plan</u>.  That includes Classes 2D- secured claim of Ford Motor Credit Company, LLC

9 (on 2018 Landrover Range Rover) ; 2E- another secured claim of Claim of Ford Motor Credit

10 Company, LLC (2016 Aston Martin); and 4A- the class of ALL general unsecured creditors (which

11 includes all unsecured claims; unsecured portion, if any, of Wells Fargo Bank, N.A. under-secured

12 claim (it appears this claim is fully secured as of the Effective Date) and non-priority portions of

13 pre-petition priority tax claims). <u>There is not a single class that voted to reject the Plan.</u> (See

14 Schedule of Ballots tabulation filed concurrently herewith).

15        With respect to the accepting classes, including Class 4A of unsecured creditors, the

16 requirement of §1129(b) of "fair and equitable" does not apply to the impaired classes that

17 accepted the plan because it only applies to classes that are impaired and have not accepted the

18 plan (See 11 U.S.C. §1129(b)(1); <u>Matter of Johns-Manville Corp.</u> 68 BR 618, 638(Bankr. SD NY

19 1986). Thus, since Classes 2D; 2E and 4A have accepted the plan, the plan is confirmable as to

20 these classes even if these classes would have received more under "fair and equitable" standard

21 than under the Plan.  Nor does the Plan unfairly discriminates against the aforementioned accepting

22 classes.  Application of the "unfair discrimination" is limited to the impaired classes that have not

23 accepted the plan (See 11 U.S.C. §1129(b)(1)).

24        It should be noted that none of the classes voted against the Plan. The reason the Plan did

25 not meet the requirement of 1129(a)(8) was because the Class 2A- secured claim of On Deck

26 Capital (Claim 1); 2B- secured claim of On Deck Capital (Claim 2); 2C- secured claim of Swift

27 Financial, LLC; 2F- secured claim of Wells Fargo Bank, N.A.; 2G- secured claim of Funding

28 Metrics, LLC; and 2H- secured claim of Kabbage, Inc did not cast the votes.

       The treatment of these all secured claims is "fair and equitable" and "non-discriminatory"

1    under 1129(b)(1) and (2) and the Plan is confirmable for the following reasons.

2        Pursuant to Section 1129(b)(2)(A), "... the condition that a plan be fair and equitable with

3    respect to a class..." of secured creditors the plan has to provide that:

4            ... that the holders of such claims retain the liens securing such claims, whether the
             property subject to such liens is retained by the debtor or transferred to another
5            entity, to the extent of the allowed amount of such claims; and that each holder of a
             claim of such class receive on account of such claim deferred cash payments
6            totaling at least the allowed amount of such claim, of a value, as of the effective
             date of the plan, of at least the value of such holder's interest in such property...

7

8    11 U.S.C. §1129(b)(2)(i)(I); (i)(II) [Emphasis Added] With respect to "discriminatory," the court

9    evaluate this element on case-by-case basis (See In re Dilts, 100 B.R. 759 (Bankr WD PA 1989).

10        With respect to the creditors in Classes 2A; 2B; 2C and 2G, this Court has already entered

11   the Orders Approving Debtor's Motions to Approve Stipulations with each of these creditors for

12   Final Order on Use of Cash Collateral; Maintenance of Adequate Protection Payments and

13   Resolution on Claim Treatment Issues (F.R.Bankr.P. §9019) (See Dockets 194; 196; 198; 200;

14   213; 214; 215; 216).  Hence, the treatment of these claims is "fair and equitable" and "non-

15   discriminatory."

16        With respect to Class 2F, Wells Fargo Bank, NA's secured claim, the Plan provides for the

17   repayment of the claim in full during the Plan, with the contractual rate of interest over the term

18   that is only three (3) months longer than the original contractual term (See Exhibit "1"). Most

19   Notably, on October 20, 2020, Wells Fargo Bank, NA filed with this Court Notice of Payment

20   Deferment in which Wells Fargo extended the contractual term by three (3) months by deferring

     three (3) contractual payments (Docket 171). The terms of this Notice of Payment Deferment are
21
     mirrored in the Debtor's Plan (See Exhibit "1"). Thus, the treatment of this claim is "fair and
22
     equitable" and "non-discriminatory."
23
          With respect to the remaining Class 2H, Secured Claim of Kabbage, Inc., the Plan provides
24
     for the repayment of this claim in full during the Plan, with the market or above the market rate of
25
     interest of 6% per annum (this interest is compatible with the claims of other secured claims in
26
     Classes 2A; 2B; 2C; and 2G, who have agreed to receive 6% interest or less on their claims  (See
27
     Dockets 194; 196; 198; 200; 213; 214; 215; 216)). Kabbage, Inc has not opposed or objected to
28

Debtor's Disclosure Statement or Plan. Kabbage, Inc. or to its treatment.

It should be noted that the undersigned counsel has negotiated with Kabbage's representative the terms that were actually less favorable than presented in the Plan. The negotiated terms were supposed to culminate in a Stipulation and Motion for approval of a Stipulation. At the point of execution of a Stipulation, however, Kabbage's representative stopped responding to the undersigned counsel's communications. Hence, the Plan provides for the treatment of Kabbage, Inc.'s claim similar to the treatment of other secured claims/classes: payment in full during the Plan administration of 60 months in equal installments with 6% interest per annum (See Exhibit "1"). Thus, the treatment of this claim is "fair and equitable" and "non-discriminatory."

It follows that all of the requirements of Section 1129(b) are met and the Court should confirm Debtor's Plan.

VII.    **CONCLUSION**

For the foregoing reasons, and based on the evidence, authorities and arguments presented, Debtor respectfully requests that its Plan be confirmed.

TENINA LAW, INC.

DATED: July 26, 2021                          _____
                                              Alla Tenina, Esq.
                                              Parking Management Services of America, Inc.,
                                              Debtor and Debtor in Possession

**DECLARATION OF ERIC VARGAS**

I, ERIC VARGAS, declare as follows:

1.      I am the President and the 50% member of the Debtor, WDH Contractor Services, LLC ("Debtor").

2.      I have personal knowledge of the foregoing facts and, if called as a witness, could and would competently testify thereto.

3.      I am filing this Declaration in Support of Debtor's Motion to Confirm Debtor and Debtor's in Possession Small Business Chapter 11 Plan of Reorganization.

4.      I have read, reviewed, and discussed the facts and representations contained in this Motion to Confirm Debtor and Debtor's in Possession Small Business Chapter 11 Plan of Reorganization, documents in support thereof and the exhibits attached thereto with my attorney and believe such exhibits and representations are true and correct and accurately reflect the Debtor's pre and post-petition financial conditions and plan objectives.

5.      This case was commenced by the filing of a voluntary Petition on September 19, 2021.

6.      DEBTOR in this case is a California Corporation. Debtor is the Debtor in Possession in this case.  The Debtor has been in business since September 28, 2009. Having made "S Corp" election, it is treated as "S Corp" entity under the Internal Revenue Code.   As a result of this election, Debtor files 1120S (Federal) and 100S (California State) returns. The Debtor's principal place of business is at 655 N. CENTRAL AVE SUITE 1700, Glendale, CA 91203.  The Debtor does not own any real property.  It leases/rents premises at said address from which it conducts its business.

7.      DEBTOR provides parking attendants and personnel to various third parties' parking locations to provide parking services.

8.      Debtor's personal property assets have a total estimated value of $446,770.08 (See Exhibit "G" to Debtor's Revised Third Amended Disclosure Statement, served on all creditors on June 18, 2021 (Part of Docket 229)).

9.      Debtor has eight (8) secured creditors with estimated claims' amounts as of

Effective Date of the Plan of August 1, 2021, are as follows: (1) Claim of On Deck Capital, Inc in (Claim 1), a fully secured claim, in the amount of $21,000.00 (Class 2A); (2) Claim of On Deck Capital, Inc in (Claim 2), a fully secured claim, in the amount of $68,013.00 (Class 2B); (3) Claim of Swift Financial, LLC, a fully secured claim, in the amount of $28,310.00 (Class 2C); (4) Claim of Ford Motor Credit Company, LLC (on 2018 Landrover Range Rover), a fully secured claim, in the amount of $69,223.74 (Class 2D); (5) Claim of Ford Motor Credit Company, LLC (2016 Aston Martin), a fully secured claim, in the amount of $57,349.00 (Class 2E); (6) Claim of Wells Fargo Bank, NA (2018 Ford F-150), a fully secured claim because the value of the collateral exceeds the balance on the loan as of the Effective Date, in the amount of $50,592.00 (Class 2F); (7) Claim of Funding Metrics, LLC, a fully secured claim, in the amount of $6,703.00 (Class 2G); and (8) Claim of Kabbage, Inc., a fully secured claim, in the amount of $16,239.60 (Class 2H).

10.     Debtor's unsecured creditors hold claims in an estimated aggregate amount of $190,303.00. This number would also include unsecured portions of secured claims, which do not appear to exist as of the Effective Date.

11.     Debtor's business is well managed and produces a positive cash flow overall.

12.     I am the 100% Shareholder of Debtor and Chief Executive Officer. I will continue serving as Debtor's Chief Executive Officer and duly authorized representative until the Plan has been fully performed.  I will also be serving as a distributing agent under the Plan without compensation. I do not have a pre-petition claim against Debtor.  I am getting compensated in accordance with timely filed and not objected to Notices of Insiders Compensation with the United States Trustee's Office. The approved Notices of Insiders Compensation can be obtained from the Debtor's counsel at: Tenina Law, Inc, 15250 Ventura Blvd, # 601, Sherman Oaks, CA 91403.

13.     Debtor has done its best to comply with all applicable provisions of Title 11 and United States Trustee's reporting requirements, including discharging its duties to Debtor's bankruptcy estate to the best of its abilities.

14.     The Debtor's Plan was proposed in good faith with an intent to maximize return on creditors' claims while maintaining a viable and profitable business.  To my knowledge, there have been no means forbidden by law used by Debtor in this Chapter 11 case.  I believe confirmation of the Plan will yield the maximum recovery for Debtor's creditors

15.    Debtor's Plan does not propose to issue any securities.

16.    Debtor has disclosed all payments to be made for services or for costs and expenses in or connected with this case, or in connection with the Plan and all information incident to the case.

17.    I understand that Debtor can only pay said costs to professional persons hired with the approval of this Court upon approval of their fees by the Court.

18.    Debtor and I, as the distributing agent, fully intend to comply with the provisions of this Plan in best interest of Debtor and this estate.

19.    Debtor, as a business entity, is not obligated to pay domestic support obligation.

20.    Debtor does not owe any obligations for retiree benefits.

21.    There are no governmental regulatory commissions with jurisdiction over the rates in this case.

22.    Debtor's Plan and Disclosure Statement unambiguously demonstrate that the Plan is the Plan of reorganization over the sixty (60) month period.  The financial statements and projections, attached to the Disclosure Statement and incorporated into the Disclosure Statement, establish growing increasing business profitability. I firmly believe in Debtor's present and future ability to generate sufficient income from its business to support its Plan payments.

23.    I believe that this Plan of reorganization will not follow by liquidation. No further reorganization is contemplated for Debtor.

24.    The proposed Chapter 11 Plan provides for quarterly payments of the United States Trustee's fees.

25.    The ballots for Accepting or Rejecting the Plan (all ballots that came back accepted the Plan) will be filed concurrently with the Motion for approval of the Plan.

26.    Debtor's Plan is fair, reasonable and non-discriminatory.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of July 2021 in Los Angeles, California.

1

Eric Vargas, Declarant

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28